**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESUS GABRIEL GANDARA ) <br> ESCARCEGA ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 07-20100 <br> 12-2215 |

**MEMORANDUM AND ORDER**

This matter is presently before the court on defendant Jesus Gabriel Gandara Escarcega's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 247). For the reasons set forth below, that motion is dismissed.

Mr. Gandara Escarcega pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 1000 kilograms of marijuana and more than 5 kilograms of cocaine (doc. 51). The defendant signed a plea agreement, in which he waived his right to challenge his conviction through a motion brought pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). On October 19, 2009, the court imposed a sentence of 120 months imprisonment pursuant to the statutory mandatory minimum (doc. 221).

1

In the instant motion, Mr. Gandara Escarcega offers two propositions of error in support of his § 2255 motion. First, he contends that his attorney was ineffective for failing to instruct him to voluntarily consent to deportation. Mr. Gandara Escarcega claims that had he voluntarily consented to deportation, he would have been eligible for a one or two level downward departure pursuant to a United States Attorney General memorandum dated April 28, 1995. Second, Mr. Gandara Escarcega contends that the sentencing court's authority to provide for deportation as a condition of supervised release pursuant to 18 U.S.C. § 3583(d) is a violation of the Fifteenth Amendment to the United States Constitution.

In response, the government contends that Mr. Gandara Escarcega's § 2255 motion is time-barred, or, in the alternative, that each of the defendant's claims lack merit.

**1. Timeliness—Limitations Period**

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief. Under 28 U.S.C. § 2255(f), a criminal defendant may file a habeas petition one year from the latest of four circumstances:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Mr. Gandara Escarcega does not assert that governmental action impeded his filing a § 2255 motion, that he has a right newly recognized and made retroactively applicable by the Supreme Court, nor that that the facts supporting his claims could not have been discovered through the exercise of due diligence. As such, the one-year limitation period began to run on the date on which Mr. Gandara Escarcega's judgment of conviction became final.

Where a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Where a defendant does not file an appeal, his conviction becomes final on the date when the time for filing an appeal expires. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). A criminal defendant must file a notice of appeal within fourteen days of judgment. Fed. R. App. P. 4(b)(1)(A).

Here, judgment was entered against Mr. Gandara Escarcega on October 20, 2009 (doc. 221). The defendant did not file a direct appeal. Thus, his judgment became final on November 3, 2009—fourteen days after entry of judgment. Mr. Gandara Escarcega should have filed a § 2255 motion by November 3, 2010. He failed to do so and now is

3

time-barred from filing a habeas petition in the absence of showing justification for equitable tolling of the one-year limitation period.

## 2. Equitable Tolling

AEDPA's one-year limitation period may be tolled for equitable reasons, but only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Generally, equitable tolling is appropriate if the movant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To show due diligence, the movant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Excusable neglect, however, does not support equitable tolling. *See Gibson*, 232 F.3d at 808. Equitable tolling also may be appropriate if the movant is actually innocent. *See id.* Finally, a movant bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 977.

*A. Extraordinary Circumstances*

In his reply, Mr. Gandara Escarcega asserts that equitable tolling is appropriate as he is ignorant of the law, does not "know" the English language, and had no access to a Spanish-speaking person to aid in preparation of his § 2255 motion. The Tenth Circuit has addressed, and rejected, each of the claims as constituting extraordinary circumstances warranting equitable tolling of the § 2255 limitations period. In *Marsh v. Soares*, the Tenth Circuit explained: "[I]t is well established that 'ignorance of the law,

4

even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Yang*, 525 F.3d at 929 (ignorance of the law not extraordinary whether or not movant has a deficit with the English language). Lack of proficiency in the English language is not an extraordinary circumstance warranting equitable tolling.[1] *Yang v. Archuleta*, 525 F.3d at 929-30 (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)); *see Gomez v. Leyba*, 242 Fed. App'x 492 (10th Cir. 2007) (same). Finally, a defendant is not entitled to legal materials in Spanish or a Spanish-speaking law clerk to aid in preparation of a § 2255 motion. *Yang*, 525 F.3d at 529-30; *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

As such, Mr. Gandara Escarcega has failed to show extraordinary circumstances warranting tolling of the § 2255 limitations period.

*B. Diligence*

Mr. Gandara Escarcega must allege with specificity "the steps he took to diligently pursue his federal claims." *Yang*, 525 F.3d at 930 (quoting *Miller*, 141 F.3d at 978). He

---

[1] The Tenth Circuit cautioned:
> We have yet to confront a situation where the record has supported a petitioner's claim of a severe language impediment *and* diligent efforts to overcome his or her impediment. Thus, in no instance have we found a language barrier justifying equitable tolling. Because Yang has not proffered a factual basis justifying an exploration into whether a language barrier can ever be a contributing component warranting equitable tolling, we need not decide that issue here.

*Yang*, 525 F.3d at 930 n.9. As in *Yang*, Mr. Gandara Escarcega has failed to show a severe language impediment and diligent efforts to overcome his impediment.

offers no suggestion as to how he pursued his claims or whether he sought assistance to overcome his language barrier.

As such, Mr. Gandara Escarcega failed to demonstrate the exercise of diligence warranting tolling of the § 2255 limitations period.

*C. Actual Innocence*

Under certain circumstances, a claim of actual innocence may be a ground for equitable tolling of the one-year limitation period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

In his reply, Mr. Gandara Escarcega does not advance a claim of actual innocence. He states that there are "grade[s] of culpability," but offers no factual basis suggesting that he is innocent of the crime charged. Thus, the court find that equitable tolling is not appropriate in this action under the basis of actual innocence.

**3. Conclusion**

As Mr. Gandara Escarcega filed his § 2255 petition outside the one year limitations period, and equitable tolling is not warranted in this action, his motion is time-barred under § 2255(f). Thus, the defendant's § 2255 petition (doc. 247) is dismissed as untimely.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 247) is dismissed as untimely.

**IT IS SO ORDERED** this 5th day of July, 2012.

                                        *s/ John W. Lungstrum*
                                        John W. Lungstrum
                                        United States District Judge